## IN THE UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-80002

MINDY MORRELL GEFFRARD,

      Plaintiff,

vs.

THE CITY OF RIVIERA BEACH, THE CITY
OF RIVIERA BEACH POLICE DEPARTMENT,
DETECTIVE FRANCISCO AGUIRRE,
in his individual and official capacities as
an employee of the City of Riviera Beach
Police Department; and DETECTIVE
BROOKE WEINER, in her individual
and official capacities as an employee of
the City of Riviera Beach Police Department.

      Defendants.
_____/

### COMPLAINT

Plaintiff, Mindy Morrell Geffrard sues Defendants, City of Riviera Beach, City of Riviera Beach Police Department, Police Officer Francisco Aguirre, and Police Officer Brooke Weiner, and alleges:

### SUMMARY OF ACTION

1. This is a civil rights action brought by Plaintiff for relief due to the Defendants' violation of her rights secured by 42 U.S.C. § 1983, and pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitutions. Defendants violated Plaintiff's rights *vis a vis* false arrest, malicious prosecution, assault, trespass and unlawful search and seizure. Plaintiff seeks compensatory and punitive damages, and such other relief as this Count deems equitable and just.

## JURISDICTION

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

3. Venue lies in this district pursuant to 28 U.S.C. § 1391 (b), (c) and (e) because the event giving rise to these claims occurred in the Southern District of Florida.

## PARTIES

4. Plaintiff is a citizen of the United States, and was at all times relevant hereto, a resident of Palm Beach County, Florida.

5. The City of Riviera Beach is a municipal corporation duly incorporated and authorized under the laws of the State of Florida pursuant to Ch. 165, *Fla. Stat.*

6. The City of Riviera Beach is located in Palm Beach County, Florida.

7. The City of Riviera Beach is authorized under the laws of the State of Florida to maintain a police department.

8. The City of Riviera Beach Police Department acts as the agent of the City in the area of law enforcement.

9. The City of Riviera Beach Police Department is ultimately responsible for the actions of the Police Department, and assumes the risks incidental to the maintenance of the Police Department and the employment of its Police Officers.

10. At all relevant times herein, the City and the Police Department hired, employed, supervised, trained and controlled Officer Aguirre.

11. At all relevant times herein, the City and the Police Department hired, employed, supervised, trained and controlled Officer Weiner.

12. At all times relevant herein, Officer Aguirre was and/or is an officer, employee, and agent of the Police Department and City. Officer Aguirre was duly appointed and acting as a police officer for the Police Department and City. Officer Aguirre is being sued in his individual and official capacity.

13. At all times relevant herein, Officer Weiner was and/or is an officer, employee, and agent of the Police Department and City. Officer Weiner was duly appointed and acting as a police officer for the Police Department and City.  Officer Weiner is being sued in her individual and official capacity.

14. At all times relevant herein, Officer Aguirre was acting under color of state law in the course and scope of his duties and functions as agent, employee and officer of the Police Department and City.

15. At all times relevant herein, Officer Weiner was acting under color of state law in the course and scope of his duties and functions as agent, employee and officer of the Police Department and City.

16. At all times relevant herein, Officer Aguirre has acted for and on behalf of the Police Department and City with the power and authority vested in him as officers, agents and employees of the Police Department and City, and incidents to the pursuit of his duties as officers, employee and agent of the Police Department and City.

17. At all times relevant herein, Officer Weiner has acted for and on behalf of the Police Department and City with the power and authority vested in her as officers, agents and employees

of the Police Department and City, and incidents to the pursuit of her duties as officers, employee and agent of the Police Department and City.

## **FACTS**

18. On October 16, 2015, Plaintiff lawfully resided at 587 West 3rd Street, Riviera Beach, Florida with her minor daughter and brother, Berthony Geffrard ("Mr. Geffrard").

19. On September 3, 2015, Mr. Geffrard was arrested by the City of Riviera Beach Police Department Police Department and charged with armed robbery with a firearm and grand theft. The charges were subsequently dropped on January 12, 2017.

20. On or about October 16, 2015, Officers Aguirre and Weiner arrived at the Plaintiff's residence to question her about Mr. Geffrard's arrest.

21. After the Officers knocked, Plaintiff greeted Officers Aguirre and Weiner at her front door, and spoke to them for several minutes while the Officers where outside of the residence.

22. At no time during their conversation did Plaintiff give the Officers permission to enter her residence.

23. Due to the nature of the Officers questions, Plaintiff told the Officers that she wanted to speak to an Attorney before she continued to speak to the Officers. Plaintiff then retreated into her residence while the Officers remained outside, and she spoke to Mr. Geffrard's Attorney via phone. The Attorney advised the Plaintiff that she did not have to answer any of the Officers' questions. Plaintiff returned to the front door of her residence and while still inside her home, politely advised the Officers that she no longer wanted to answer their questions because of the advice of the Attorney.

24. Plaintiff then attempted to politely close her front door. But, Officer Aguirre while still outside of the residence prevented the Plaintiff from closing the door, and then forced himself into the Plaintiff's residence without a warrant or probable cause that a crime was being committed by the Plaintiff. Officer Weiner followed Officer Aguirre and entered the Plaintiff's residence without legal justification.

25. Once inside the residence and without justification or provocation, Officer Aguirre threw the Plaintiff to the ground. Officer Aguirre and Weiner then proceeded to assault the Plaintiff by punching, slapping, and kicking the Plaintiff while she was on the ground inside her home. This incident took place in front of the Plaintiff's minor child.

26. To justify their illegal actions, on October 16, 2015, Officer Aguirre and Weiner falsely arrested the Plaintiff, and falsely charged her with two counts of tampering with evidence and one count of resisting arrest.

27. Base on the Officers' actions, the State Attorney charged the Plaintiff with tampering with or fabricating physical evidence and accessory after the fact.

28. At no time did the Plaintiff tamper with evidence, fabricate physical evidence, resist arrest, or was an accessory after the fact.

29. On May 3, 2017, the false charges were dropped by the State.

30. On March 23, 2018, Plaintiff served the City of Riviera Beach with her Statutory Notice of Claim as required by Florida Statutes § 768.28(6).

31. All conditions precedent to commence this lawsuit have occurred, been excused, or have been waived.

## COUNT I
### 42 U.S.C. § 1983 Against Det. Aguirre

32. Plaintiff hereby re-alleges paragraphs 1 through 31 as if fully set forth herein and further alleges as follows:

33. Officer Aguirre by his conduct as described herein, and acting under color of state law to deprive the Plaintiff of her right to be secure in her person and house against unreasonable searches and seizures, self-incrimination and liberty under the Fourth, Fifth and Fourteenth Amendments, is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United State Constitution.

34. Officer Aguirre deprived Plaintiff of her Fourth, Fifth and Fourteenth Amendment rights by his false arrest, assault, illegal excessive force, malicious prosecution, trespass, and unlawful search and seizure of the Plaintiff.

35. As a direct and proximate result of Officer Aguirre's actions, Plaintiff suffered and continues to suffer damages.

## COUNT II
### 42 U.S.C. § 1983 Against Det. Weiner

36. Plaintiff hereby re-alleges paragraphs 1 through 31 as if fully set forth herein and further alleges as follows:

37. Officer Weiner by her conduct as described herein, and acting under color of state law to deprive the Plaintiff of her right to be secure in her person and house against unreasonable searches and seizures, self-incrimination and liberty under the Fourth, Fifth and Fourteenth Amendments, is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United State Constitution.

38. Officer Weiner deprived Plaintiff of her Fourth, Fifth and Fourteenth Amendment rights by her false arrest, assault, illegal excessive force, malicious prosecution, trespass, and unlawful search and seizure of the Plaintiff.

39. As a direct and proximate result of Officer Weiner's actions, Plaintiff suffered and continues to suffer damages.

### COUNT III
### Malicious Prosecution Against Det. Aguirre

40. Plaintiff hereby re-alleges paragraphs 1 through 31 as if fully set forth herein and further alleges as follows:

41. Officer Aguirre violated Plaintiff's Fourth Amendment Rights by initiating the prosecution of the Plaintiff for tampering with evidence and resisting arrest.

42. Officer Aguirre lacked probable cause to initiate the arrest or prosecution of tampering with evidence and resisting arrest. The Plaintiff was arrested and prosecuted for refusing to answer Officer Aguirre's questions.

43. The criminal prosecution against the Plaintiff ended by the charges being dropped by the Prosecutor.

44. Officer Aguirre acted maliciously and for a purpose other than bringing the Plaintiff to justice.

45. As a consequence of the criminal prosecution, Plaintiff suffered a significant deprivation of her liberty and continues to suffer damages.

46. As a direct and proximate result of Officer Aguirre's actions, Plaintiff suffered and continues to suffer damages.

## COUNT IV
## Malicious Prosecution Against Det. Weiner

47. Plaintiff hereby re-alleges paragraphs 1 through 31 as if fully set forth herein and further alleges as follows:

48. Officer Weiner violated Plaintiff's Fourth Amendment Rights by initiating the prosecution of the Plaintiff for tampering with evidence and resisting arrest.

49. Officer Weiner lacked probable cause to initiate the arrest or prosecution for tampering with evidence or resisting arrest. The Plaintiff was arrested and prosecuted for refusing to answer Officer Aguirre's questions.

50. The criminal prosecution against the Plaintiff ended by the charges being dropped by the Prosecutor.

51. Officer Weiner acted maliciously and for a purpose other than bringing the Plaintiff to justice.

52. As a consequence of the criminal prosecution, Plaintiff suffered a significant deprivation of her liberty and continues to suffer damages.

53. As a direct and proximate result of Officer Weiner's actions, Plaintiff suffered and continues to suffer damages.

## COUNT V
## Respondeat Superior Against Police Department

54. Plaintiff hereby re-alleges paragraphs 1 through 53 as if fully set forth herein and further alleges as follows:

55. The conduct of Officers Aguirre and Weiner occurred while they were on duty, in

and during the course and scope of their duties and functions as City of Riviera Beach Police Officers and while they were acting and employees of the City of Riviera Beach Police Department.

56. The City of Riviera Beach Police Department is liable to the Plaintiff under the common law doctrine of Respondeat Superior.

57. As a consequence of the City of Riviera Beach Police Department's actions, Plaintiff suffered a significant deprivation of her liberty and continues to suffer damages.

58. As a direct and proximate result of the City of Riviera Beach Police Department's actions, Plaintiff suffered and continues to suffer damages.

## COUNT VI
## Respondeat Superior Against City of Riviera Beach

59. Plaintiff hereby re-alleges paragraphs 1 through 58 as if fully set forth herein and further alleges as follows:

60. The conduct of Officers Aguirre and Weiner occurred while they were on duty, in and during the course and scope of their duties and functions as City of Riviera Beach Police Officers and while they were acting and employees of the City of Riviera Beach.

61. The City of Riviera Beach is liable to the Plaintiff under the common law doctrine of Respondeat Superior.

62. As a consequence of the City of Riviera Beach's actions, Plaintiff suffered a significant deprivation of her liberty and continues to suffer damages.

63. As a direct and proximate result of the City of Riviera Beach's actions, Plaintiff suffered and continues to suffer damages.

## PRAYER FOR RELIEF

Due to the actions of the Defendants stated above, Plaintiff's civil rights have been violated and her background has been tarnished. Plaintiff has been unable to obtain gainful and meaningful employment because of the criminal charges. *i.e.* Plaintiff was prevented from obtaining employment with Transportation Security Administration, and other similar jobs. As such, Plaintiff demands judgment against Defendants, City of Riviera Beach, City of Riviera Beach Police Department, Officer Francisco Aguirre, and Police Officer Brooke Weiner for money damages, expenses, court costs, attorneys' fees, and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on all of her claims.

Respectfully submitted,

s/Michael Garcia
Michael Garcia, Esq.
Fla. Bar No. 93749
E-mail: michael@garciapa.com
**MICHAEL GARCIA, PA.**
100 SE 6th Street
Fort Lauderdale, FL 33301
Tel: 954.703.6202
Attorney for the Plaintiff